UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA NEWBY,

        Plaintiff,

                                     Case No. 12-cv-13946
                                     HONORABLE GERSHWIN A. DRAIN

v.


A & M HOSPITALITY & MGMT., INC.,
 et al.

        Defendants.
_____/

### ORDER GRANTING EMERGENCY MOTION FOR ISSUANCE OF SECOND SUMMONS AND ORDER GRANTING JOINT PARTIES' MOTION TO EXTEND SCHEDULING ORDER DATES [#30]

## I. Issuance of Second Summons

On January 20, 2013, Defendants filed a third-party complaint against third-party Defendants. Defendants served third-party Defendants Cofinity Network, Cofinity, and Cofinity, Inc. with a summons and subsequently dismissed them from the case. Defendants have not been able to serve third-party Defendants Rick Spalter, GLP Health, and Benefits Solutions, and Optimum Benefit Group. Defendants argue that the aforementioned third-party Defendants have evaded service and pursuant to Fed. R. Civ. P. 19 (a) (1) are necessary parties to this action.

Defendants seek an order from this Court permitting alternate or substitute

-1-

service.  In support of their motion seeking substitute service or an alternative method of service, Defendants submitted an affidavit from process server Kevin Schwartze, who made several unsuccessful attempts to serve third-party Defendants GLP Health, Rick Spalter, and Benefits Solutions and Optimum Benefit Group.

Service of process is to be effected pursuant to the law of the state in which the district court is located, or in which service is effected. Fed. R. Civ. P. 4 (e) and (h). Fed. R. Civ. P. 4 (e) provides methods for service of process for an individual:

> Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1)  following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2)  doing any of the following:
>
>> (A)  delivering a copy of the summons and of the complaint to the individual personally;
>> (B)  leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C)  delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4 (e)

Fed. R. of Civ. P. 4(h) sets forth the provisions of how businesses can be served:

> Serving a Corporation, Partnership, or Association. Unless federal law

-2-

provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1)  in a judicial district of the United States:

(A)  in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B)  by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or

(2)  at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(I).

Fed R. Civ. P.  4

Under Michigan law:

(l) Discretion of Court.

(1) On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

(2) A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless

the court so directs.

M.C.R. 2.105(I).

Defendants have provided the Court with affidavits supporting their efforts to effectuate service on the aforementioned parties pursuant to Fed. R. Civ. P. 4. Therefore, the Court GRANTS Defendants' Motion for Issuance of Second Summons [#26] by the following methods: 1) certified mail with return receipt requested, 2) tacking, and 3) by placing notice in the legal news.

## II. Joint Motion to Extend Scheduling Order Dates

The parties have requested to extend the scheduling order for a period of 120 days. Upon review of the motion, the Court has determined that good cause has been shown and the motion is GRANTED.

Accordingly,

IT IS HEREBY ORDERED that the Parties' Joint Motion to Extend Scheduling Order Dates [#30] is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion for Issuance of Second Summons [#26] is GRANTED.

IT IS FURTHER ORDERED that all deadlines in this matter are hereby extended and the new deadlines are as follows:

-4-

| | |
|---|---|
| Witness Lists filed by: | **August 17, 2013** |
| Discovery cut-off: | **September 29, 2013** |
| Case Evaluation: | **October of 2013** |
| Dispositive Motion cut-off: | **October 19, 2013** |
| Settlement Conference before | **November of 2013** |
| Magistrate Judge Steven R. Whalen: | |
| Motions *in Limine*: | **November 8, 2013** |
| Final Pre-trial Order: | **December 28, 2013** |
| Final Pre-Trial Conference: | **January 7, 2014 at 10:00 a.m.** |
| Trial Date: | **January 21, 2014 at 9:00 a.m.** |

I.     **TIME**.  Computation of time under this order and under any notice of any scheduling order or notice in this case shall be in conformity and accordance with Federal Rule of Civil Procedure 6(a).

II.    **DISCOVERY**.  The court will not order discovery to take place subsequent to the discovery cutoff date.  The discovery deadline may be extended by filing a stipulation with the court only if the extension of time does not affect the motion cutoff, final pretrial conference, or trial dates.  Extensions or adjournments of all other dates will only be considered upon the filing of a timely written motion for good cause shown. Local Rule 26.2 generally prohibits filing discovery materials with the Clerk.  Violation of this rule may result in sanctions.  .

III.   **FINAL PRETRIAL CONFERENCE AND FINAL PRETRIAL ORDER**.  The Final Pretrial Order must be submitted through the document utilities function of the CM/ECF on or before the date set by this order.  All witnesses must be listed in the Final Pretrial Order.  Witnesses may only be added to the Final Pretrial Order by stipulation of the parties and leave of court.   Counsel shall follow the procedure outlined below to prepare for the final pretrial conference and the Final Pretrial Order:

A.     Counsel for all parties are directed to confer in person (face to face) at their earliest convenience in order to (1) reach any possible stipulations narrowing the issues of law and fact, (2) deal with non-stipulated issues in the manner stated in this paragraph, and (3) exchange documents that will be offered in evidence at trial.  It shall be the duty of counsel for plaintiff to initiate that meeting and the duty of opposing counsel to respond to plaintiff's counsel and to offer full cooperation and assistance.  If, after reasonable effort, any party cannot obtain the cooperation of opposing counsel, it shall be his or her duty to communicate with the court. The Final Pretrial Order shall fulfill the parties' disclosure obligations under Federal Rule of Civil Procedure 26(a)(3), unless

the Judge orders otherwise.  All objections specified in Rule 26(a)(3) shall be made in this order. <u>Counsel for plaintiff</u> shall prepare a draft Final Pretrial Order and submit it to opposing counsel, after which all counsel will jointly submit the proposed order.  The Final Pretrial Order should provide for the signature of the court, which, when signed, will become an Order of the court. The proposed Final Pretrial Order <u>shall strictly comply with the requirements of Local Rule 16.2.</u>

or            * **Pursuant to Local Rule 16.2(b)(9), any objection based on foundation authenticity will be deemed waived if not raised before trial.**

B.    The following persons shall personally attend the final pretrial conference:
1) Trial counsel for each party;
2) All parties who are natural persons;
3) A representative on behalf of any other party;
4) A representative of any insurance carrier that has undertaken the
prosecution or            defense of the case and has contractually reserved to itself the
ability to settle the        action.

and            Representatives must posses full authority to engage in settlement discussions
is            to agree upon a full and final settlement.  "Personal attendance" by each party
the            not satisfied by (1) trial counsel professing to have full authority on behalf of client or (2) a party being available by telephone.

IV.    <u>At least ONE WEEK</u> prior to the beginning of trial, counsel shall furnish to the court the following:

A.    In jury cases, any requests for <u>VOIR DIRE</u>, proposed <u>JOINT JURY INSTRUCTIONS</u> and the <u>VERDICT FORM</u>.   The parties shall file with the court a single set of proposed, stipulated jury instructions and a single, proposed verdict form.  The instructions are to be typewritten and double spaced and shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08").  Additionally, each party shall separately file any additional proposed instructions to which any other party objects.  The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching an agreement as to an acceptable form.

B.    In a non-jury case, proposed <u>FINDINGS OF FACT </u>and <u>CONCLUSIONS OF LAW.</u>

C.    A statement of claims or defenses, no longer than two pages, suitable to be read to the jury during opening instructions.

V.    **EXHIBITS**.  Counsel are required to mark all proposed exhibits in advance of trial.

-6-

Plaintiff's exhibits shall use numbers and Defendant's exhibits shall use letters.  A consecutive number and lettering system should be used by each party. The parties are required to exchange marked exhibits three days prior to the start of trial. Counsel are also required to maintain a record of all admitted exhibits during trial. See attached exhibit form.  Counsel for each party must keep custody of that party's admitted exhibits during trial.  A party who objects to this provision must file a written objection prior to jury selection.

VI.    **JUDGE'S COPIES.**  A paper copy of electronically filed motions, briefs, attachments, responses, replies, proposed Final Pretrial Order, and proposed Joint Jury Instructions (with disc) MUST be delivered directly to the Judge's chambers and labeled Judge's copy.

VII.    The court will not allow counsel not admitted in the Eastern District to practice upon a special motion.  All inquiries regarding admission to this district must be directed to the Clerk's office at (313) 234-5005.

VIII.    **LOCAL COUNSEL**.  An attorney admitted to practice in the Eastern District of Michigan who appears as attorney of record and is not an active member of the State Bar of Michigan must specify local counsel with an office in this district.  Local counsel must enter an appearance and otherwise comply with Local Rule 83.20(f).


SO ORDERED.

Dated:  June 19, 2013                          /s/Gershwin A Drain
                                               GERSHWIN A. DRAIN
                                               United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 19, 2013, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk

HONORABLE GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE
231 W. LAFAYETTE #1013
DETROIT, MI 48226

PHONE: (313) 234-5215  FAX: (313) 234-5219
CASE MANAGER:        Tanya Bankston

CONFERENCES   Scheduling conferences held after answer filed and scheduling order issued.  Status conference held as needed or requested.  Settlement conference held upon request and at final pretrial conference.

MOTIONS   Hearings held on most motions.  Proposed orders shall be attached to the motion, as well as submitted through the document utilities function of the CM/ECF.  Strict compliance required with Local Rules 7.1 and 65.1.

DISCOVERY   Discovery shall be completed on or before the date set forth in the scheduling order.  Discovery motions frequently referred to the magistrate judge assigned to the case.

MEDIATION   Civil cases referred after discovery cut-off and parties are encouraged to stipulate in writing to be bound by mediation sanctions.  It is not necessary, however, that sanctions be included in the stipulation.

PRETRIAL   Final Pretrial Order (1) generally due one week before final pretrial conference. Witnesses may only be added to the final pretrial order by stipulation of the parties and leave of court.  Final pretrial conference usually held two weeks prior to trial, parties and/or persons with settlement authority must be present.

TRIAL   Attorneys are responsible to ascertain the status of the trial date. Marked exhibits are to be exchanged three (3) days prior to trial. Benchbook of exhibits is required.  If trial briefs are required by the court, they

must be filed one (1) week prior to trial.  File motions *in limine* no later than

four (4) weeks prior to the final pretrial conference.  Trial is usually held 9:00 a.m. to 4:00 p.m. daily.

NON-JURY   Submit proposed findings of fact/conclusions of law, one (1) week prior to trial.

JURY   Voir dire by court.  Submit proposed voir dire one (1) week prior to trial. Proposed joint jury instructions and verdict form due one (1) week prior

-8-

to trial.  Judge's courtesy copy and disc required.

**PLAINTIFF'S EXHIBITS**
**DEFENDANT'S EXHIBITS**

| EXHIBIT NO. | DESCRIPTION | DATE OFFERED | OBJECTED TO | RECEIVED |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |