UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA NEWBY,

    Plaintiff,

v.                                                 CASE NO: 12-13946
                                                      HON: GERSHWIN A. DRAIN

A & M HOSPITALITY & MANAGEMENT, INC. *et al.*,
    Defendants/Third Party Plaintiffs

v.

RICK SPALTER, *et al.*,
    Third Party Defendants.

_____/

**ORDER DENYING WITHOUT PREJUDICE THIRD PARTY DEFENDANTS' RICK SPALTER AND GLP HEALTH AND BENEFITS SOLUTIONS' MOTION FOR SUMMARY JUDGMENT AND DISMISSING THE ACTION [#61]**

**I. INTRODUCTION**

On September 6, 2012, Plaintiff, Rebecca Newby ("Newby"), filed the instant Complaint against Defendants, A&M Hospitality & Management ("A&M") and Southgate Hospitality, Inc. ("Southgate"), alleging that Defendants violated the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12101 *et seq*. On January 22, 2013, Defendants/Third Party Plaintiffs, A&M and Southgate, filed a Third Party Complaint against Rick Spalter ("Spalter"), GLP Health and Benefits Solutions ("GLP"), Optimum Benefit Group ("Optimum"), Cofinity Network, Cofinity, Cofinity, Inc., and Liberty Union Life Assurance Company ("Liberty Union"), alleging negligence and indemnification. The only Third Party Defendants remaining are Spalter, GLP, and Optimum. Presently before the Court is GLP's

and Spalter's Motion for Summary Judgment [#61], filed on February 5, 2014. This Court granted the Third Party Plaintiffs' Motion to File a Late Response to the Summary Judgment Motion [#71], and a Response was subsequently submitted on April 8, 2014 [#72]. Spalter and GLP filed a Reply on April 18, 2014 [#74].

Based on the Parties' assertions that the underlying federal claims in this case have settled, the Court will deny GLP's and Spalter's Motion for Summary Judgment without prejudice and dismiss the action.

## II.   FACTUAL BACKGROUND

This case involves a claim under the ADA. Newby was employed by Holiday Inn Southgate, i.e. Southgate Hospitality, Inc., and received medical insurance through Blue Care Network ("BCN") as a benefit of her employment. On March 1, 2011, Newby was informed that her employer had decided to switch healthcare providers from BCN to Liberty Union. Newby, whose husband had recently been diagnosed with cancer, claims that she was held back on the old BCN plan so the remaining employees would be assigned a lower premium.

In May 2011, Newby discovered that her family no longer had health insurance because her existing BCN coverage had been cancelled by her employer. Newby remained uninsured until July 1, 2011, at which time a new insurance plan was put into effect for her family. Newby subsequently filed the original Complaint in September 2012 and Defendants filed their Third Party Complaint in January of the following year.

Defendants/Third Party Plaintiffs allege that Spalter contacted them with a proposal regarding a cost-effective insurance option for their employees. Defendants/Third Party Plaintiffs accepted Spalter's offer and maintain that Spalter represented to them that he had

cancelled their BCN health care plan and transferred coverage for all employees to Liberty Union. However, a number of employees, including Newby, found themselves without healthcare coverage. Defendants/Third Party Plaintiffs' Complaint alleges that Spalter intentionally or negligently failed to procure health insurance for their employees as he had promised.

Furthermore, Defendants/Third Party Plaintiffs maintain that Spalter was employed by or acting on behalf of GLP, therefore GLP is vicariously liable for the negligent and/or intentional acts of Spalter. Finally, Defendants/Third Party Plaintiffs allege that a special relationship existed between the Parties - therefore, Defendants/Third Party Plaintiffs are entitled to common law indemnification.

Although there is nothing in the record demonstrating any settlements have occurred, both Parties assert that Newby and Defendants/Third Party Plaintiffs have settled pursuant to a mutual acceptance of the case evaluation award. As such, the only remaining claims are state law claims brought by Defendants/Third Party Plaintiffs against Spalter, GLP, and Optimum. Consequently the Court will decline to retain supplemental jurisdiction over these claims, deny the instant motion without prejudice, and dismiss the action.

### III.     FEDERAL COURT JURISDICTION

In the instant case, federal subject matter jurisdiction is properly asserted in Newby's original Complaint under the alleged ADA violation. However, the Third Party Complaint only involves the state court claims of negligence and indemnification. Although the Court may, under 28 U.S.C. § 1367, exercise supplemental jurisdiction over state law claims ancillary to the relief sought, for the reasons set forth below, this Court will decline to exercise supplemental jurisdiction in the instant case.

Under the standard set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), and codified in § 1367(c), this Court has broad discretion in determining whether to exercise supplemental jurisdiction. *Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 636 (2009); *see Osborn v. Haley*, 549 U.S. 225, 245 (2007). Even where the district court "arguably ha[s] supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), the [district] court has discretion to decline to exercise its supplemental jurisdiction." *Cirasuola v. Westrin*, No. 96-1360, 1997 U.S. App. LEXIS 2242, *3 (6th Cir. April 18, 1997). Section 1367(c) provides that district courts may decline to exercise supplemental jurisdiction over related state claims if:

(1) the claim raises a novel or complex issue of state law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "Pendent" jurisdiction is a caselaw doctrine that developed out of *Gibbs* and recognizes that in the federal court system, a plaintiff with a federal claim might find that the same wrongful conduct that gave rise to the federal claim is also grounds for a claim under state law. 28 U.S.C. § 1367 (Commentary in 1988 Revision at 760). Pendent jurisdiction permits a federal court to hear a state claim, over which it would normally lack subject matter jurisdiction, when the state claim arises from the same event or series of events as the federal claim. *Id.* The United States Supreme Court has stated that:

> Our decisions have established that pendent jurisdiction 'is a doctrine of discretion, not of plaintiff's right,' and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons.
> 
> \*              \*              \*
> 
> Accordingly, we have indicated that district courts should deal with cases involving

4

pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.

*City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 172-73 (1997)(internal citations and quotations omitted).

In *Harper v. AutoAlliance Intern, Inc.*, 392 F.3d 195 (6th Cir. 2004), this Court recognized that a district court should retain supplemental jurisdiction even if all the federal claims have been dismissed when:

(1) the plaintiff had engaged in forum manipulation by deciding to dismiss his federal-law claims only after the case had been on the district court's docket for 11 months,
(2) the parties had completed discovery, and
(3) the defendants' summary-judgment motions were ripe for decision.

*Id.* at 211-12. However, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp,* 89 F.3d 1244, 1254-55 (6th Cir. 1996).

In the instant case, the Third Party Plaintiffs' claims of negligence and indemnification arose out of the same facts as the original Complaint's federal allegations. However, now that original Complaint has been settled, the remaining claims have nothing to do with the violation of a federal statute, but only involve the duties of an insurance agent to its customer and would be best served in state court. Therefore, this Court will exercise its discretion to dismiss the Third Party Complaint under § 1367(c)(3).

## IV.    CONCLUSION

Based on the facts above, the Court will DENY Third Party Defendants GLP and

5

Spalter's Motion for Summary Judgment without prejudice [#61] and dismiss the action.

SO ORDERED.

Dated: May 15, 2014  /s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 15, 2014, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk